1
2
3                                                    O
4
5
6                                              JS - 6
7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  ANA MONTES, an Individual,        )   02:09-cv-05871-FMC-FFMx
                                       )
11                                     )
              Plaintiff,               )
12                                     )   ORDER   REMANDING   CASE   TO
    vs.                                )   SUPERIOR COURT
13                                     )
    HOMEQ SERVICING, a Corporation;    )
14  GE MONEY MORTGAGE                  )
    COMPANY, successor in interest to  )
15  WMC MORTGAGE CORP, a               )
    Corporation; WELLS FARGO, a        )
16  National Association; MORTGAGE     )
    ELECTRONIC REGISTRATION            )
17  SYSTEMS, INC., a Corporation; and  )
    DOES 1 through 200, inclusive,     )
18                                     )
              Defendants.              )
19  _____ )
                                       )
20                                     )
                                       )
21                                     )

22          This matter is before the Court on the Court's September 1, 2009, Order to

23  Show Cause (docket no. 7).  The Court has read and considered Defendants'

24  "Opposition/Response to the Court's Order to Show Cause Re: Remand." Plaintiff

25  has filed nothing.  For the reasons and in the manner set forth below, IT IS HEREBY

26  ORDERED that this action be REMANDED to state court.

27          This matter arises out of a home mortgage loan transaction.  Plaintiff alleges

28  causes of action for: (1) "Set[ting] Aside [the] Trustee's Sale," alleging violations

    of CAL. CODE CIV. PROC. §§ 2924b(c) & 2923.5; (2) "To Cancel [the] Trustee's

1 Sale," brought without reference to any statute, other than by reincorporating all

2 preceding paragraphs; (3) "Quiet Title," brought under CAL. CODE CIV. PROC. §§

3 762.10 & 762.20; (4) "Declaratory Relief," brought with reference to CAL. CODE

4 CIV. PROC. § 2923.5; (5) and "Inducement of Breach of Fiduciary Duty," brought

5 without reference to any statutory provisions.

## I. Legal Standard

7 Absent diversity jurisdiction, a defendant may only remove a complaint filed

8 in state court when "a federal question is presented on the face of the plaintiff's

9 properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107

10 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see Harris v. Provident Life & Accident Ins. Co.*,

11 26 F.3d 930, 933-34 (9th Cir.1994) (quoting *Caterpillar*). When a case is removed

12 to federal court there is a strong presumption against federal jurisdiction, and the

13 burden is on the defendant to prove that removal is proper. *Gaus v. Miles, Inc.*, 980

14 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs*.,

15 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

16 The removal statute is strictly construed, and any doubt about the right of

17 removal is resolved in favor of remand. *Gaus*, 980 F.2d at 566 (citations omitted);

18 *see also Price Frieze, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999)

19 (superseded by statute on other grounds, as recognized in *Abrego Abrego v. The Dow*

20 *Chemical Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006)); *Moore-Thomas v. Alaska*

21 *Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.2009) (citations omitted). If the removal

22 is challenged by the court, the removing party must provide competent proof that

23 removal jurisdiction is proper. *Gaus*, 980 F.2d at 567. The Court may "demand that

24 the party alleging jurisdiction justify his allegations by a preponderance of

25 evidence." *Id.* "Subject matter jurisdiction may not be waived, and, indeed, ... the

26 district court <u>must</u> remand if it lacks jurisdiction." *Kelton Arms Condominium*

27 *Owners Association, Inc. V. Homestead Insurance Co.*, 346 F.3d 1190, 1192 (9th

28 Cir. 2003) (citing *Sparta Surgical Corp. v. Nat'l Ass'n Securities Dealers, Inc.*, 159

1    F.3d 1209, 1211 (9th Cir. 1998) (emphasis added).

2         A defendant may remove a civil action from State court to federal court if the

3    claim could have initially been brought in the district court.  28 U.S.C. § 1441(a).

4    In general, the notice of removal must be filed with "a copy of all process, pleadings,

5    and orders" served on the removing defendant in the action.  *Id.*

6         The notice of removal of a civil action or proceeding shall be filed
         within thirty days after the receipt by the defendant, through service or
7         otherwise, of a copy of the initial pleading setting forth the claim for
         relief upon which such action or proceeding is based, or within thirty
8         days after the service of summons upon the defendant if such initial
         pleading has then been filed in the court and is not required to be served
9         on the defendant, whichever period is shorter.

10   28 U.S.C. § 1446(b); *see also U.S. ex rel. Walker v. Gunn,* 511 F.2d 1024, 1025 (9th

11   Cir. 1975) (finding removal was untimely; therefore, state court proceedings were

12   valid).

13        When a case involves multiple defendants "the 30-day period for removal

14   commences to run from the date the first defendant receives a copy of the

15   complaint." *Teitelbaum v. Soloski*, 843 F. Supp. 614, 615 (C.D. Cal. 1994) (citing

16   *Brown v. Demco, Inc*., 792 F.2d 478, 481-82 (5th Cir. 1986)).  Furthermore, pursuant

17   to 28 U.S.C. § 1446(a), "all defendants in a state action must join in the petition for

18   removal, except for nominal, unknown or fraudulently joined parties." *Emrich v.*

19   *Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citing *Hewitt v. City*

20   *of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986); *Tri-Cities Newspapers, Inc. v. Tri-*

21   *Cities P.P. & A Local,* 349, 427 F.2d 325, 326-27 (5th Cir. 1970)).  Accordingly,

22   "failure to join all proper defendants in a removal petition may otherwise render the

23   removal petition procedurally defective." *Emrich*, 846 F.2d at 1193 n.1.  The court

24   may allow a moving party to amend a notice of removal after the 30-day period as

25   long as the amendment corresponds to defective allegations of jurisdiction.  28

26   U.S.C. § 1653.  The purpose for allowing a moving party to amend a notice of

27   removal after the 30-day period "is to permit correction of incorrect statements about

28   extant jurisdiction." *Snell v. Cleveland, Inc*., 316 F.3d 822, 828 (9th Cir. 2002)

1    (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831, 109 S.Ct. 2218,

2    104 L.Ed.2d 893 (1989)).

3                                  **II.  DISCUSSION**

4          On September 1, 2009, this Court issued an Order to Show Cause ("OSC")

5    because: 1) removal was based on federal question jurisdiction pursuant to 28 U.S.C.

6    § 1331, but it appeared that the claims did not arise under federal law; 2) not all

7    served defendants joined in the notice of removal; and 3) the notice of removal was

8    filed more than thirty days after the date of service of the initial pleading or the date

9    on which defendant first had notice of removability.  The Court noted in the OSC

10   that "Plaintiff(s) <u>must</u> submit a response within 30 days of the date of removal if the

11   defects are procedural and plaintiff(s) object(s) and request(s) remand.  <u>See</u> 28

12   U.S.C. § 1447(c)."

13         **A.  Procedural Defects in Defendants' Removal:**

14         The Court first deals with the second and third matters addressed in the OSC,

15   as noted above.  The Court does not remand on these bases.  Both of those defects

16   are procedural defects, not relating to the Court's subject matter jurisdiction.  *See*

17   *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1999) (superseded by statute on

18   other grounds, as recognized in *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d

19   676, 681-82 (9th Cir. 2006)).  The Ninth Circuit has held that  a district court may

20   not remand *sua sponte* for defects in removal procedure.  *Kelton Arms Condominium*

21   *Owners Association, Inc.*, 346 F.3d at 1193.  The basis of this holding was that 28

22   U.S.C. 1447(c) "'consigns procedural formalities to the care of the parties.'"  *Id.* at

23   1192 (quoting *In re Allstate Ins.*, 8 F.3d 219, 223 (5th Cir. 1993)).  In this case,

24   Defendants removed on August 12, 2009.  To the extent there were procedural

25   defects with the removal, Plaintiff failed to challenge them within thirty days of

26   removal, or by Friday, September 11, 2009.  The Court has heard nothing from

27   Plaintiff at all in fact.  Thus, Plaintiff (and any other party with potential objections)

28   waived such procedural objections, if any, and the Court does not remand on either

                                          4

1    of those bases.

2          **B. Federal Question Jurisdiction:**

3          The Court remands this case solely because Defendants have not shown that

4    the Court has subject matter jurisdiction.  To begin with, the only operative and

5    relevant Complaint in this action is the June 9, 2009 state court complaint attached

6    to the Notice of Removal.[1]  In their Objection/Response to the OSC, Defendants

7    argue that Plaintiff "Artfully Pled" state causes of action that are preempted by

8    federal law.    Defendants' Opposition/Response is largely premised on the

9    unsupported assertion, which this Court is expected to take on faith, that "Defendant

10   Wells Fargo NA as Trustee is a federally chartered and regulated [bank] by the

11   Office of Thrift Supervision." (Opposition/Response at 5:21-22).  Defendants argue

12   that regulation 12 C.F.R. § 560.2, which was promulgated by the Office of Thrift

13   Supervision (the "OTS"), makes "clear that state laws do not apply to the lending

14   practices of federal thrifts."  Section 560.2(b) includes "loan-related fees" as a

15   preempted category. Section 560.2(c) includes "[p]rocessing, origination, servicing,

16   sale or purchase of, or investment or participation in, mortgages" as a preempted

17   category. Thus, argue Defendants, Plaintiff's state law claims, in particular the claim

18   for breach of fiduciary duty,[2] is preempted by 12 CF.R. § 560.2.    Into this,

19

20         [1]   The Court does not consider the prior February 11, 2009 federal court

21   complaint that Defendants have attached to their Opposition/Response without the use

22

23   of a declaration or a request for judicial notice.  Nor would a complaint in any prior

24   proceeding be relevant here, even were the court to consider it.

25         [2]Plaintiff alleges the fiduciary duty was violated by, "among other things (a)

26   steering Plaintiff into an expensive, 'high cost' loan, (b) failing to provide Plaintiff

27

28   with an appropriate alternative for which Plaintiff qualified, (c) fraudulently failing

1
2
3

Defendants appear to shoehorn an argument that Plaintiff's allegations are essentially Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (hereinafter, "TILA") allegations in disguise.  (Opposition/Response at 6:1).

4
5

Second, Defendants argue that removal was proper under the "complete preemption" doctrine, which provides that:

6
7
8
9

> "[W]here a statute enjoys 'extraordinary' or 'unique preemptive force,' the presence of a preemption defense under that statute converts 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." (citation omitted). Once an area of state law has been completely pre-empted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law."

10
11
12
13
14
15
16
17

*Caterpillar, Inc.*, 482 U.S. at 392.  Unfortunately, Defendants fail to specify clearly in this subsection of the Opposition/Response which federal statute or regulation might be completely preemptive.  The Court is left to assume it is the previously discussed OTS regulation, though at the end of this sub-section of their Opposition/Response, Defendants again make the argument that Plaintiff's claims secretly arise under federal law because they appear to be Truth in Lending Act Claims.  (Opposition/Response, at 8:1-11).

18
19
20
21

First, the Court finds Defendants have not demonstrated that the Complaint on its face presents a TILA claim implicating federal question jurisdiction. Defendants appear to make this argument at least twice (*see* Opposition/Response at 6:1-5; 8:1-12), while arguing in favor of preemption.  Plaintiff's fifth cause of

22
23
24
25
26
27
28

to disclose pertinent and/or legally mandated information concerning the Loan, (d) including in the Loan unlawful, unconscionable, and/or detrimental provisions not in Plaintiff's best interests, and (e) manipulating and falsifying documents and information concerning Plaintiff, in each case favoring Defendants' interests over Plaintiff's interests."  (Complaint, ¶ 43).

1    action, containing the allegations relied upon by Defendants, and quoted by the

2    Court in footnote 2, is titled a state fiduciary duty cause of action.  There is no

3    reference to TILA.  Along with language about duty and proximate cause, there is

4    certainly language in that claim relating to loan disclosures (not surprising, since that

5    appears to be at the center of the dispute), but no federal question is presented on the

6    face of paragraphs 43 and 44 of the Complaint.[3]  *See Caterpillar, Inc.*, 482 U.S. at

7    392.  Similarly, no federal question is presented simply because Plaintiff at times in

8    the Complaint referred generically to both "federal and state" claims.  All of the

9    causes of action delineated in the Complaint are facially based on state statutory

10   and/or common law.

11       The Court next addresses Defendants' first stated argument, in Part II(A)(1)

12   of their Opposition/Response, which is that Plaintiff artfully pled state causes of

13   action that are preempted by federal law.  Defendants rely in this section entirely on

14   their unsupported assertion that "Defendant Wells Fargo NA as Trustee is a federally

15   chartered   and   regulated   [bank]   by   the   Office   of   Thrift   Supervision"

16   (Opposition/Response at 5:21-22).  To the full extent that Defendants rely on 12

17   C.F.R. § 560.2 or on any other rule, regulation or pronouncement of the OTS,

18   Defendants have provided no evidence to the Court, not even a declaration (the

19   Declaration of Kevin R. Broersma in support of the Opposition/Response does not

20   address the issue), that "Wells Fargo NA as Trustee" is in fact regulated by the OTS

21   at all.  Though it is not necessary to the court's decision, and the Court is not

22   officially taking judicial notice of it, the Court notes that Wells Fargo Bank, National

23   Association, appears in fact to be a National Bank, which is primarily regulated by

24

25       [3]  The Court does not address here a situation in which a Plaintiff initially

26

27   pleads a state law cause of action, and then amends it, or argues later that it constitutes

28   a claim under federal law.

the Office of the Comptroller of the Currency,[4] not by the OTS.  Whether 12 C.F.R. § 560.2, a regulation promulgated by the OTS, applies at all to the Wells Fargo defendant in this case, is not for the Court to expend its resources researching and determining on its own; Defendants, given the opportunity, have certainly not demonstrated that it does apply.  "[T]he burden is on the defendant to prove that removal is proper.  *Gaus v. Miles, Inc.* , 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

If the removal is challenged by the court, the removing party must provide competent proof that removal jurisdiction is proper. *Id.* at 567.  The Court may "demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *Id.*  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Id.* at 564 (citations omitted).  Accordingly, because Defendants have not established that the only potentially preemptive federal statute or regulation cited by them in this subsection even applies, Defendants' have not established in Part II(A)(1) of their Opposition/Response that the removal was proper.[5]

---

[4]  *See* http://www2.fdic.gov/idasp/index.asp (follow the "Find Institutions" hyperlink; then type "Wells Fargo" into the "Institution Name" field; then click "Find"; then follow the "3511" hyperlink).

[5]  The Court notes as well that even if 12 C.F.R. § 560.2 is a preemptive statute, removal would not be justified on that basis alone.  "A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Franchise Tax Bd. of Cal. v.*

1    The Court next addresses Defendants' second primary argument, contained

2    in Part II(A)(2) of their Opposition/Response, that removal was proper based upon

3    federal questions under the "complete preemption" doctrine. Ordinary preemption,

4    as discussed in note 5, is merely a federal law defense to a state-law claim, and "is

5    insufficient to confer federal jurisdiction if the complaint on its face does not present

6    a federal question." *Moore-Thomas*, 553 F.3d at 1244 (citing *Valles*, 410 F.3d at

7    1075 (9th Cir.2005)). However, it is true a defendant may remove a state-law claim

8    "[w]hen [a] federal statute completely pre-empts [a] state-law cause of action,"

9    because "a claim which comes within the scope of that cause of action, even if

10   pleaded in terms of state law, is in reality based on federal law. This claim is then

11   removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under'

12   federal law to be removed to federal court ." *Beneficial Nat'l Bank v. Anderson*, 539

13   U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

14   The Supreme Court has identified but four federal statutes that completely

15   preempt state law: the Price-Anderson Act (specifically, section 42 U.S.C. §

16   2014(hh)); Section 301 of the Labor Management Relations Act (29 U.S.C. § 185

17   *et seq.*); the Employee Retirement Income Security Act (29 U.S.C. § 1001 *et seq.*),

18   and certain usury provisions of the National Bank Act. *Id.* at 6-8, 11. These statutes

19   "provide[ ] the exclusive cause of action for the claim asserted and also set forth

20   procedures and remedies governing that cause of action." *Id.* at 8. Whether or not

21

22   _____

23   *Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77

24   L.Ed.2d 420 (1983)).  "This rule makes a plaintiff the 'master of his complaint': He

25   may generally avoid federal jurisdiction by pleading solely state-law claims." *Id.*

26   (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th

27   Cir.2000).

28

1   a statute provides the exclusive cause of action for certain claims is thus "the

2   dispositive question." *Id.* at 9.  *See also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d

3   683, 688 (9th Cir. 2007)   (holding that the Carmack Amendment completely

4   preempts certain state law claims).

5        In the present case, the Court has already determined that Defendants have

6   failed to demonstrate that 12 C.F.R. § 560.2 is even applicable in this case, so the

7   Court declines to consider whether it completely preempts Plaintiff's state law

8   claim(s).  The Court notes that another court in this district has quite recently held

9   that it does not completely preempt similar state law claims, writing in almost

10  exactly this context.  *Barela v. Downey Savings & Loan Ass'n, F.A.*, No. CV

11  09-3757, 2009 WL 2578889, *2-4 (C.D. Cal., Aug. 18, 2009).

12       Finally, to the extent Defendants are attempting to argue it, the Court also

13  finds that TILA does not completely preempt state law claims.  That is because it

14  does not provide the exclusive cause of action, which is "the dispositive question."

15  *Beneficial Nat'l Bank*, 539 U.S. at 9; *Hall*, 476 F.3d at 688.  By contrast, TILA has

16  a savings clause stating that it preempts state law only if the state law is inconsistent

17  with TILA.  *See* 15 U.S.C. § 1610(b); *Barela*, 2009 WL 2578889 at *4 (finding

18  TILA does not completely preempt state law claims).  *See also In re Nos Commc'ns,*

19  *MDL No. 1357*, 495 F.3d 1052, 1058 (9th Cir.2007) ("A savings clause [in this case,

20  a very broad one] is fundamentally incompatible with complete field preemption

21  ....").  Thus, because TILA does not completely preempt Plaintiff's state law claims,

22  they are not "in reality based on federal law" (*Beneficial Nat'l Bank*, 539 U.S. at 8)

23  sufficient to confer removal jurisdiction on this Court.

## III. CONCLUSION

25       Defendants have not met their burden of showing this Court possesses subject

26  matter jurisdiction over this matter, and this action is REMANDED to The Superior

27  Court of the State of California in and for the County of Los Angeles – Southeast

28  //

1    Division.   Pending motions are moot and all hearing dates are removed from the

2    Court's calender.

3

4    **IT IS SO ORDERED.**

5    Dated: September 29, 2009

     _____

6    FLORENCE-MARIE COOPER, JUDGE
     UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28